**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | }<br>}<br>} |
| **Plaintiff,** | }<br>} |
| v. | }<br>} |
| **ONCOR ELECTRIC DELIVERY COMPANY, LLC** | }<br>}<br>} |
| **Defendant.** | }<br>}<br>}<br>} |

CIVIL ACTION NO.

**COMPLAINT**

**JURY TRIAL DEMANDED**

## NATURE OF THE ACTION

This is an action under Title I of the American with Disabilities Act, as amended, (ADA), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Delores McCraney who was adversely affected by such practices. Specifically, Defendant discriminated against Ms. McCraney by requiring her to sign a "Return to Work" agreement, which included a medication disclosure requirement that violated the ADA, and discharging her from her employment because of her refusal to sign the agreement. The EEOC further seeks an injunction to protect Ms. McCraney and all other employees of Defendant from illegal medical inquiries contained in Return to Work agreements, and also contained in Defendant's company policy, which requires disclosure of medications as well as prior permission by management for taking medications.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant,  Oncor Electric Delivery Company, LLC ("Defendant"),  has continuously been and is now doing business in the State of  Texas, Dallas Division, and has continuously employed at least fifteen employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Delores McCraney filed a charge with the Commission alleging violation of the ADA by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Delores McCraney was hired by Defendant in 2001 as a Dispatcher. In 2005, she became a Hold Que Representative, which job duties consist primarily of typing and using a computer mouse.

9. Since at least October 2014, and at all times relevant to this lawsuit, Delores McCraney had carpal tunnel syndrome, which substantially limited her daily life activities, including but not limited to writing, typing, using a computer mouse, grasping, self-care, cleaning and other household tasks.

10. Since at least October 2014, Delores McCraney was qualified to perform the essential functions of her position with the reasonable accommodation of a temporary leave of absence and/or speech recognition software.

11. Delores McCraney is a qualified individual covered by the ADA.,

12. On or about August 25, 2015, Delores McCraney reported to work following a medical leave resulting from her disability, to obtain training for voice activation software, an accommodation which would enable her to perform the essential functions of her job.

13. After a brief period of training on or about that day, Ms. McCraney was required by Defendant to sign a document entitled a "Return to Work" agreement ("Agreement"). The "Agreement" required that she comply with numerous provisions, including the requirement that

she disclose to her supervisor, David Hunt, and if he were not available, to his supervisor, Tedd Knisley, "a complete list of those prescriptions or over the counter medications that could affect your ability to safely perform your essential job functions and the possible side effects that could affect your job performance…and keep [us] updated on any changes."

14.   The "Agreement" warned her that failure to comply with the terms of the document could subject her to "discipline, up to and including termination."

15.   When Ms. McCraney refused to sign the "Agreement," she was sent home without pay.

16.   When Ms. McCraney refused to sign the "Agreement," Defendant stated that she was not being "singled out."   According to Defendant, Return to Work agreements are required, "in general," for employees returning from a medical leave of absence.

17.   Since at least October 2014, the Defendant has engaged in conduct in violation of Section 102(d) of Title I of the ADA, 42 U.S.C. § 12112(d)(4)(A), by requiring Delores McCraney and every other employee of Defendant to report the name and dosage of all prescription and non-prescription medications "which could affect an employee's job performance" to their supervisor.

18.   Since at least October 2014, the Defendant has engaged in conduct in violation of Section 102(d) of Title I of the ADA, 42 U.S.C. § 12112(d)(4)(A), by requiring Delores McCraney  and every other employee of Defendant to  not take any prescription or over the counter medication "which could affect [his or her] job performance" unless first granted permission ("cleared") by his or her supervisor, pursuant to Defendant's medication disclosure policy.

19. Since at least October 2014, the Defendant has engaged in conduct in violation of Section 102(d) of Title I of the ADA, 42 U.S.C. § 12112(d)(4)(A), by requiring Delores McCraney and other employees of Defendant returning from a leave of absence to sign return to work agreements containing medication disclosure requirements similar to that required of Ms. McCraney.

20. The effect of the practices complained of in paragraphs 13-19, above, has been to deprive Delores McCraney and other employees similarly situated of equal employment opportunities and otherwise adversely affect their status as employees in violation of the ADA.

21. The unlawful employment practices complained of in paragraphs 13-19, above, were intentional.

22. The unlawful employment practices complained of in paragraphs 13-19, above, were committed with malice or with reckless indifference to the federally protected rights of Delores McCraney and other similarly situated employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices.

D. Order the Defendant to make whole Delores McCraney by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, front pay, and other

affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement of Delores McCraney.

E.    Order the Defendant to make whole Delores McCraney by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-18, above.

F.    Order the Defendant to make Delores McCraney whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-19, above, including but not limited to, emotional pain, suffering, inconvenience, humiliation, loss of consortium, and loss of enjoyment of life, in amounts to be determined at trial.

G.    Order the Defendant to pay Delores McCraney punitive damages for its intentional, malicious conduct or reckless indifference described and referenced in paragraphs 13-19, above, in an amount to be determined at trial.

H.    Grant such further relief as the Court deems necessary and proper in the public interest.

I.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

s/ROBERT A. CANINO
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

s/TOBY W.COSTAS
TOBY W. COSTAS
Supervisory Trial Attorney
Texas State Bar No. 04855720


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
(214) 253-2760 (telephone)
(214) 253-2749 (facsimile)