**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | |
| **Plaintiff,** | **CIVIL ACTION NO.** |
| | **3:18-cv-1786-C** |
| **v.** | |
| **ONCOR ELECTRIC DELIVERY COMPANY, LLC** | |
| **Defendant,** | |
| **AND** | |
| **DELORES McCRANEY,** | |
| **Plaintiff-Intervenor,** | |
| **v.** | |
| **ONCOR ELECTRIC DELIVERY COMPANY, LLC** | |
| **Defendant.** | |

**PLAINTIFF EEOC's MOTION TO COMPEL ANSWER TO INTERROGATORY AND INCORPORATED BRIEF**

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") moves pursuant to Rule 37 of the Federal Rules of Civil Procedure to enter an order compelling the Defendant, Oncor Electric Delivery System, L.L.C., to answer and fully respond to an interrogatory which the EEOC served upon the Defendant to determine the identification of employees harmed by Defendant's mandatory medication disclosure policy and practices. The EEOC alleges this policy and Defendant's practices violate the Americans with Disabilities Act of 1990 (ADA).

**FACTUAL BACKGROUND**

The EEOC has filed suit in this case to protect the rights of Charging Party Delores McCraney and others similarly situated who were required by Defendant to disclose personal, private medical information in violation of the medical inquiry protections of the ADA. In enacting this law, Congress fundamentally changed the rules governing employer medical inquiries of both applicants and employees, because, in the past, such inquiries had resulted in exclusion from gainful employment. Defendant imposed and has continued to impose a requirement of disclosure of personal medical information, specifically, the prescribed and over-the-counter medications taken by its workforce. Defendant may claim that, by purportedly confining its mandatory disclosures to any medication that "could" affect an employee's ability to do the job, its rule passes muster. However, even given this vague caveat, the policy contravenes EEOC Guidance and case law. The employee risks suspension from work, even termination, if such medication is found to have not been reported, the Defendant second-guessing the employee's and even the employee's doctor's beliefs about the effects of the medication. Defendant's policy, in effect, requires employees to confess what they are taking, "just in case," rather than get into trouble. The ADA and EEOC Guidance reflect the narrow rules under which such disclosures are justified under the "job-related and business necessity" defense. Those justifications do not exist in this case. Further, during the course of discovery, the EEOC has learned that many of Defendant's supervisors appear to simply require that employees report every medication that they are taking, going well beyond the written policy.

**<u>DEFENDANT SHOULD NOT BE ALLOWED TO BLOCK THE PLAINTIFF EEOC FROM OBTAINING RELEVANT CLAIMANT TESTIMONY</u>**

Defendant has failed and refused to respond to the following request for basic identifying information of potential class members in this case, even after being granted an extension to respond, acquiescence to which was premised upon a purported agreement that the extension was in order to respond, rather than just to spend the extended time framing an objection.[1] The Interrogatory and Answer that are the subject of this motion are set forth below.

> **<u>INTERROGATORY NO. 1.</u>** As to each employee or former employee of Defendant listed on Exhibit A, attached to these Interrogatories,[2] state the individual's first name, current job title if still employed, all departments in which he or she worked from November 7, 2014 to the present, including dates, identity of his/her immediate supervisor(s) on all dates from November 7, 2014 to the present, last known address and telephone number, date of birth, and, if no longer employed by Defendant, state date of and reason for separation from employment.
>
> **<u>OBJECTION(S):</u>** Oncor objects to Interrogatory No. 1 on the bases that it is overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome as it requests 10 separate categories of information concerning approximately 85 individuals, which is simply disproportionate to the needs of this case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, the importance of the discovery in resolving the issues. Moreover, the interrogatory constitutes an impermissible fishing expedition. Finally, the interrogatory exceeds the limitations set forth in Fed. R. Civ. P. 33 as it contains 10 separate, discrete subparts as to approximately 85 individuals and cannot be considered a single interrogatory as to all the individuals or discrete categories listed, as the subparts are not logically or factually subsumed within and necessarily related to the primary interrogatory, as the first subpart can be answered fully and completely without answering the second subpart.
>
> **<u>ANSWER:</u>** Subject to and without waiving the foregoing objections, Oncor refers Plaintiff to s are designated CONFIDENTIAL under the Court's protective order), which contain the individuals' first names, the individuals' supervisor's names during the applicable time period, the individual's job titles or duties during the applicable time period, and the Oncor departments in which the individuals worked during the applicable time period, with regard to the disclosure of medications taken by the individuals.

---

1 See emailed exchange, Exhibits 1 and 2.

2 This Exhibit is filed herein under seal.

The information sought is clearly relevant and within the scope of discovery under Federal Rule 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26-(b)(1).

The identification of potential aggrieved individuals in an EEOC class case is basic, foundational information to which the EEOC is entitled. The EEOC is entitled to contact any current or former employees of this entity to determine 1) Defendant's application of its written mandatory medication disclosure policy; 2) any broader application beyond the four corners of its policy, which is indicated by information already received; and 3) the nature and scope of any harm that may have resulted as a result of Defendant's practices, including compensatory damages. The EEOC is also entitled to test the veracity of Defendant's blanket position that none of the employees about whom the EEOC seeks information has been transferred, suspended or terminated as a result of use of medication that was disclosed to the Defendant. Review of evidence received during discovery thus far shows numerous instances of employees being informed that they can no longer perform important aspects of their job while on their medication. The EEOC is entitled to contact employees to inquire what occurred after the employee was barred from use of a medication that may have been vital to the employee's health, in effect barring them from continuing in their job.

Defendant's claim of burdensomeness is devoid of merit. Defendant is large and wealthy, recently reporting a net income of $545 million, well over its income for the year before ("Oncor

Reports Solid 2018 Results," News Release, 2/26/2019, Exhibit 3). With over 4,000 employees, this entity has the resources and the manpower to provide the EEOC with the information requested. Discerning the breadth of Defendant's mandatory medication disclosure practices and identifying employees who were discriminated against under the ADA by the enforcement of the policy are matters relevant to the Plaintiff's claims, proportional to the needs of the case and important "to the issues at stake in the action" Paragraphs 18 and 19 of the EEOC's Amended Complaint clearly set forth the issues at stake—issues of policy and practice that appear to have affected large numbers of Defendant's employees.

Asking for categories of information of a class of claimants cannot mean that the limitation on the number of interrogatories is automatically abrogated every time a plaintiff seeks information about each member of a class of individuals. In fact, the EEOC has only served a total of 7 interrogatories, well within Federal Rule limitations. Moreover, Defendant's claim that many of the categories of information have already been produced is not correct. The Bates pages cited by Defendant consist of a scattershot series of emails that do not provide the information requested for most of the individuals listed in the Interrogatory. For example, it is not clear whether the email is authored by the employee's supervisor and does not reveal what department that supervisor oversees. The pages referenced by Defendant do not include any of the other information sought: last known address, telephone number, date of birth, dates of employment and reason for separation from employment. This information is clearly "important to the issue" of identifying, through contact, which employees experienced practices that violated the ADA, and to assess their damages, including compensatory damages. Employees listed on Exhibit A who have felt forced to disclose their disabilities--whether it be, variously, depression, anxiety disorder, bi-polar disorder, ADD, HIV, diabetes, cancer, infertility—to their immediate

supervisor, may well have experienced mental anguish and loss of enjoyment of life by having to do so to keep their job.

Interrogatory answers move litigation forward. Refusing to provide answers to interrogatories requesting relevant information puts litigation on hold.

> Because interrogatory answers frequently serve as the foundation for additional discovery by way of depositions, document production requests and requests for admissions of fact, interrogatories are most helpful when propounded and answered early in the litigation, and their usefulness seems to be directly proportional to the amount of time remaining before a discovery cutoff arrives. If a party served with interrogatories fails to answer them on time, or at all, or fails to answer the questions completely and responsively (footnote omitted), such action can have a spiraling effect on the future scheduling of discovery and inject into the litigation collateral disputes which typically require the intervention of the court to resolve. Thus, for interrogatories to work as intended by the drafters of the rules of civil procedure, it is essential that counsel who receive them act with diligence and good faith, and submit timely, responsive and complete answers.

*Lee v. Flagstaff Industries Corp*, 173 F.R.D. 651, 652 (D. Md. 1997). Defendant has failed and refused to fully respond to the most basic of information requested by a plaintiff in a class action law suit. "The imposition of unnecessary limitations on discovery is especially frowned upon in Title VII cases… 'It is plain that the scope of discovery through interrogatories and requests for production of documents is limited only by relevance and burdensomeness, and in an EEOC case the discovery scope is extensive.'" *Trevino v. Celanese Corp.*, 701 F.2d 397, 406 (5th Cir. 1983), citing *Rich v. Martin Marietta Corporation*, 522 F.2d 333, 343 (10th Cir.1975); *see also, Ardrey v. U.P.S.*, 796 F.2d 679, 684(4th Cir. 1986); most recently, *Kennicott v.Sandia Corporation d/b/a Sandia National Laboratories,* 327 F.R.D. 4544 (D. N.M. 2018).

This is not the first time that Defendant has forced the expenditure of time and resources of the EEOC as well as the Northern District of Texas, attempting to avoid identifying potential victims of discrimination with regard to the facts in this case. During the EEOC's investigation that led to the filing of this class lawsuit, Defendant forced the EEOC to seek a subpoena and

ultimately enforce that subpoena in federal court. (*See*, Memorandum Opinion and Order, Dkt. 8, Equal Employment Opportunity Commission v. Oncor Electric Delivery Co., 3:17-mc-69-K-BN, 11/16/17) (Exhibit 4).

Finally, with regard to Defendant's citation to "the amount in controversy" as a Rule 26 criterion for withholding the identity of these potential claimants, the EEOC states that the "amount in controversy" is potentially $300,000 in compensatory damages for each claimant. In addition, the public policy interests at stake warrant that this information be compelled. Only through the eliciting of information from actual employees and former employees affected by Defendant's policy can the EEOC determine the manner in which this mandatory medication disclosure policy is being enforced to this day. As stated by the Judge Horan when analyzing the 2015 amendment to Federal Rule 26,

> It … is important to repeat the caution that the monetary stakes are only one factor, significance of the substantive issues, as measured in philosophic, social, or institutional terms. Thus the rule recognizes that many cases in public policy spheres, such as employment practices, free speech, and other matters, may have importance far beyond the monetary amount involved." Many other substantive areas also may involve litigation that seeks relatively small amounts of money, or no money at all, but that seeks to vindicate vitally important personal or public values.

*Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 467–68 (N.D. Tex. 2015). Defendant's policy, which affects on a daily basis every employee of Defendant, whether a secretary or a lineman, raises significant substantive issues that warrant compelling a full and compete Answer to Interrogatory No. 1 of the EEOC's Second Set of Interrogatories.

WHEREFORE, the Commission respectfully requests that the Court grant its Motion to Compel to provide a full and complete Answer to Interrogatory #1 of the EEOC's Second Set of Interrogatories to Defendant.

Respectfully submitted,

ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

*/s/Toby W.Costas*______
TOBY W. COSTAS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Dallas District Office
207 South Houston, 3rd Floor
Dallas, Texas 75202
(214) 253-2760
Toby.Costas@eeoc.gov

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have conferred with counsel for the Defendant, on April 16, 2019, and Defendant is not in agreement with this motion.

*/s/ Toby W. Costas*
TOBY W. COSTAS

**CERTIFICATE OF SERVICE**

This is to certify that on this, the 17th day of April, 2019, I electronically transmitted the attached document to the Clerk of the Court using the ECF system of filing, which will transmit a Notice of the Electronic Filing to Defendant's counsel, an ECF registrant.

*/s/ Toby W. Costas*
TOBY W. COSTAS