# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-01786-C |
| | § | |
| ONCOR ELECTRIC DELIVERY COMPANY LLC | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTFF EEOC'S OBJECTIONS AND ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

The Plaintiff, Equal Employment Opportunity Commission (EEOC) produces its Objections and Answers to Defendant's First Set of Interrogatories.

**OBJECTION TO DEFINITIONS AND INSTRUCTIONS**

The EEOC objects to the Definitions and Instructions to the extent they impose obligations beyond those required by Fed. R. Civ. P. 26 and 33 and/or the Local Rules of the Northern District of Texas.

**INTERROGATORY NO. 1:**

Specifically identify and describe all oral or written statements, communications, affidavits, narrative statements, reports, or other documents you contend were made by any representative, employee, or agent of Oncor that you believe support any of your claims in the Complaint. For each such statement, separately identify (1) the name of the person that made the statement or communication, (2) whether the statement or communication was made orally or in writing, (3) the date that the statement or communication was allegedly made, (4) the name of all persons whom you contend were present or a party to the statement or communication, (5) the exact statement or communication that you contend was made, and (6) identify any documents related to the statement or communication.

Case #3:18-cv-01402-L, U.S. District Court for the Northern District of Texas, Dallas Division.

DOL Wage &o Hour Division Claims for 2015 vacation, 2016 vacation and 2016 bonus.

Unemployment compensation appeal – July 2016

Worker's Compensation claim - May 2016

**INTERROGATORY NO. 9:**

For each and every period of time since the end of McCraney's employment with Oncor during which she was unavailable for full-time employment for any reason (including, but not limited to, part-time employment, disability caused by mental or physical condition, attendance at any school, or enrollment in any training or vocational program), (1) list the beginning and ending dates of such periods of time, (2) the reasons McCraney was unavailable for full-time employment during said periods, and, (3) if McCraney was able to perform part-time work, the maximum number of hours McCraney was able to work per week during such period.

ANSWER:

Ms. McCraney was available for full-time work as a typist/word processor in a job similar to that which she last held with Defendant, with the accommodation of Dragon software to enable her to conduct her job without keyboarding or mousing.

**INTERROGATORY NO. 10:**

Identify and describe with specificity each act of disability discrimination you contend that McCraney or any other employee of Oncor suffered, as a result of some action and/or inaction by Oncor, during their employment at Oncor. For each alleged act, specifically identify the date of the act, who was involved in anyway whatsoever in the act itself, and how the act purportedly caused McCraney or other employee harm.

ANSWER:

EEOC objects to this Interrogatory as overbroad and unduly burdensome. Subject to and notwithstanding this objection, Ms. McCraney was discriminated against by being sent home on August 25, 2015 and not being allowed to return to work with Defendant until she signed a Return to Work agreement that included the terms of Defendant's illegal mandatory medication disclosure policy. She was terminated in violation of the ADA after it became clear that Ms. McCraney would not agree to sign the Return to Work memorandum agreeing to abide by Defendant's illegal mandatory medical disclosure policy. Scott Dodd, Nathan Ross and Joseph Bradburn were disciplined by Defendant with warnings that became part of their permanent employment record because they were found to have not reported all their prescription and non-prescription medications. Since at least 2014, and likely earlier than that date, each and every employee of Defendant, disabled and non-disabled, has been discriminated against under the

ADA by being subjected to the provisions of Defendant's mandatory medication disclosure policy.

**INTERROGATORY NO. 11:**

Identify and specifically describe each and every alleged act in which McCraney or any other employee engaged during, and subsequent to, McCraney's employment with Oncor that you contend constitutes protected activity pursuant to federal or state statute, federal regulation, or administrative decision. For each alleged act of protected activity, specifically identify the date of the act, all persons who were aware of the act, when they first became aware of the act, and how they became aware of the act.

ANSWER:

The EEOC objects to this Interrogatory as seeking information that is not relevant and proportional discovery under Fed. R. Civ. P. 26(b)(1).

**INTERROGATORY NO. 12:**

For each and every alleged act of protected activity listed in response to Interrogatory No. 11, above, identify and specifically describe each and every adverse employment action you allege resulted from such act(s), during or subsequent to McCraney's employment with Oncor. For each alleged act, specifically identify the date of the act, who was involved in anyway whatsoever in the act itself or the decision to take such action.

ANSWER:

The EEOC objects to this Interrogatory as seeking information that is not relevant and proportional discovery under Fed. R. Civ. P. 26(b)(1).

**INTERROGATORY NO. 13:**

Identify with specificity employees other than McCraney that you contend were similarly situated that Oncor treated differently, being certain to identify the names of all non-disabled persons, how each was treated differently, the date each was treated differently, and identify all documents supporting your contentions.

ANSWER:

The EEOC objects to this Interrogatory as seeking information that is not relevant and proportional discovery under Fed. R. Civ. P. 26(b)(1). Every employee was subjected to Defendant's illegal mandatory medication disclosure policy. Every employee was presumably subjected to a Return to Work agreement similar to Ms. McCraney's, as Defendant admits that she was not "singled out" in its treatment of her. The EEOC will supplement this Answer if it determines that, in fact, only disabled employees such as Ms. McCraney were required to sign Return to Work agreements containing the mandatory medication disclosure policy provision.