# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § | |
| Plaintiff, | § | Civil Action No.: 3:18-cv-01786-C |
| v. | § | |
| ONCOR ELECTRIC DELIVERY COMPANY, LLC, | § | |
| Defendant. | § | |

**DEFENDANT'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

TO: Plaintiff, Equal Employment Opportunity Commission, by and through its counsel of record Toby W. Costas, Equal Employment Opportunity Commission, Dallas District Office, 207 South Houston, 3rd Floor, Dallas, Texas 75202.

Pursuant to Federal Rules of Civil Procedure, Defendant Oncor Electric Delivery Company, LLC ("Defendant" or "Oncor") serves this its objections and answers to Plaintiff's Second Set of Interrogatories.

Respectfully submitted,

By: */s/ Kevin Koronka*
Kevin Koronka
State Bar No. 24047422
kevin.koronka@huschblackwell.com
Leslie Brockhoeft
State Bar 24093771
Leslie.Brockhoeft@huschblackwell.com

**HUSCH BLACKWELL LLP**
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 *facsimile*

**COUNSEL FOR DEFENDANT ONCOR ELECTRIC DELIVERY COMPANY, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2019, a true copy of the foregoing was delivered to all counsel of record via Mail by certified mail, return receipt requested, postage prepaid, in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service to:

Toby W. Costas
Equal Employment Opportunity Commission
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, TX 75202

Marshay Howard
Howard & Associates
Uptown Tower
4144 N. Central Expressway, Suite 600
Dallas, TX 75204

*/s/Kevin Koronka*
Kevin Koronka

## GENERAL OBJECTIONS

1. Oncor objects to each and every discovery request, and to the definitions and instructions, to the extent such request seeks documents and/or information that is/are protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity.

2. No response to any discovery request constitutes a waiver, in whole or in part, of any of these General Objections. Oncor's responses are made without a waiver, and with preservation, of the following: (1) all questions as to competency, relevancy, materiality, privilege, and admissibility of material contained or referred to in each response for any purpose, in this or in any other proceeding; (2) the right to object to the use of material contained or referred to in each response on any grounds, in this or any other proceeding; (3) the right to object on any grounds at any time to a demand or request for a further response relating to the subject matter of the requests responded to herein; (4) the right to revise, correct, add to, or clarify as necessary any of the responses or objections contained herein; (5) the right at any time to recall any inadvertent response to which privilege or immunity is attached; and (6) the right to introduce at the time of hearing or trial any information or documents of which Oncor becomes aware as a result of their continuing investigation or discovery.

3. Oncor objects to each and every discovery request, and to the definitions and instructions, to the extent they are overbroad, vague and ambiguous, unduly burdensome or oppressive, in purporting to require Oncor to search facilities and inquire of employees, other than those which could reasonably be expected to have responsive information, or produce information outside a relevant time period or unrelated to the claims asserted in this suit.

4. Oncor objects to each and every discovery request, and to the definitions and instructions, to the extent such request seeks documents and/or information that is/are not

relevant to the subject matter involved in the pending action.

5. Oncor objects to each and every discovery request, and to the definitions and instructions, to the extent such request attempts to place different and additional burdens upon Oncor – including those related to ESI – other than those set forth in the Federal Rules of Civil Procedure, the Local Rules, or Orders of the Court.

6. Oncor objects to each discovery request to the extent it seeks information already in the EEOC's possession or equally available to the EEOC from other sources that are more convenient, less burdensome and/or less expensive.

7. Oncor objects to each and every discovery request, and to the definitions and instructions, pursuant to Fed. R. Civ. P. 26(b)(2)(i) to the extent that they purport to require the disclosure of information that is more readily available and/or more appropriately attainable through other means of discovery.

8. Any objection below that a discovery request is "not proportional to the needs of the case" includes the objection that the likely burden or expense of the proposed discovery outweighs the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation, and the importance of the requested discovery in resolving the issues.

9. Oncor hereby expressly incorporates each of these General Objections into each of the following responses.

## OBJECTIONS AND ANSWERS

**INTERROGATORY NO. 1.** As to each employee or former employee of Defendant listed on Exhibit A, attached to these Interrogatories, state the individual's first name, current job title if still employed, all departments in which he or she worked from November 7, 2014 to the present, including dates, identity of his/her immediate supervisor(s) on all dates from November 7, 2014 to the present, last known address and telephone number, date of birth, and, if no longer employed by Defendant, state date of and reason for separation from employment.

**OBJECTION(S):** Oncor objects to Interrogatory No. 1 on the bases that it is overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome as it requests 10 separate categories of information concerning approximately 85 individuals, which is simply disproportionate to the needs of this case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, the importance of the discovery in resolving the issues. Moreover, the interrogatory constitutes an impermissible fishing expedition. Finally, the interrogatory exceeds the limitations set forth in Fed. R. Civ. P. 33 as it contains 10 separate, discrete subparts as to approximately 85 individuals and cannot be considered a single interrogatory as to all the individuals or discrete categories listed, as the subparts are not logically or factually subsumed within and necessarily related to the primary interrogatory, as the first subpart can be answered fully and completely without answering the second subpart.

**ANSWER:** Subject to and without waiving the foregoing objections, Oncor refers Plaintiff to the documents previously produced in this matter bates-labeled ONCOR 1194-1707 (which are designated CONFIDENTIAL under the Court's protective order), which contain the individuals' first names, the individuals' supervisor's names during the applicable time period, the individual's job titles or duties during the applicable time period, and the Oncor departments in which the individuals worked during the applicable time period, with regard to the disclosure of medications taken by the individuals.

**INTERROGATORY NO. 2.** As to each employee or former employee of Defendant list on Exhibit A attached to these Interrogatories, state whether he or she transferred jobs within Defendant's organization and/or was terminated during his/her employment with Defendant due to his or her use of a medication that was disclosed to Defendant. Identify the date(s) on which the transfer(s) took place, and the department to which he or she was transferred, and identify the termination date, where applicable.

**ANSWER:** Subject to and without waiving its General Objections, Oncor states that none of the identified individuals have transferred jobs within Oncor or have been terminated by Oncor "due to his or her use of a medication that was disclosed to Oncor."

**INTERROGATORY NO. 3.** As to each employee or former employee of Defendant list on Exhibit A attached to these Interrogatories, state whether he or she was suspended from his/her job due to his or her use of a medication that was disclosed to Defendant, state the inclusive date(s) of the suspension(s), the amount of pay lost, if any, due to the suspension, the medication that led to the suspension and the medical reason for the employee's use of the medication.

Subject to and without waiving its General Objections, Oncor states that it has not suspended any of the identified individuals "due to his or her use of a medication that was disclosed to Oncor."

**VERIFICATION**

STATE OF TEXAS §
§
COUNTY OF DALLAS §

I, Monica Knight, am authorized to make this verification on behalf of Oncor Electric Delivery Company LLC ("Oncor"), and I make this verification for that reason. I have reviewed the responses contained in Oncor's Answers to Plaintiff's Set of Interrogatories.

I declare under penalty of perjury that the responses contained in Oncor's Answers to Plaintiff's Second Set of Interrogatories are true and correct to the best of the knowledge, information, and belief of Oncor.

Monica Knight
MONICA KNIGHT

SUBSCRIBED AND SWORN TO BEFORE ME on this the 29th day of March, 2019.

ALIX M. ELKINS
MY COMMISSION EXPIRES
MAY 5, 2022
NOTARY ID 1108374-8

NOTARY PUBLIC
STATE OF TEXAS

My Commission Expires: 5-05-2022