IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

ONCOR ELECTRIC DELIVERY COMPANY, LLC,

Defendant.

Civil Action No. 3:18-CV-1786-C

**ORDER**

On this day, the Court considered:

(1) Plaintiff Equal Employment Opportunity Commission's Motion to Compel Answer to Interrogatory and Incorporated Brief, filed April 17, 2019; and

(2) Defendant Oncor Electric Delivery Company, LLC's Response to Plaintiff's Motion to Compel Answer to Interrogatory, filed May 8, 2019;

(3) Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Compel Answer to Interrogatory, filed May 13, 2019.

Having considered the foregoing, the Court is of the opinion that Plaintiff's Motion to Compel Answer to Interrogatory should be **DENIED**.

**I.**
**BACKGROUND**

On July 11, 2018, the Equal Employment Opportunity Commission ("EEOC") filed the above-styled and -numbered civil action against Oncor Electric Delivery Company, LLC ("Defendant"), therein asserting claims under Title I of the Americans with Disabilities Act, as amended, ("ADA"), as well as under Title I of the Civil Rights Act of 1991. On behalf of

Delores McCraney ("McCraney"), the EEOC claims Defendant discriminated against McCraney by requiring that she sign a "return to work" agreement.[1] Specifically, the agreement required that McCraney disclose a complete list of prescriptions or over the counter medications that could affect her ability to safely perform her essential job functions. The EEOC alleges that, when McCraney refused to sign the medication disclosure agreement, she was subsequently discharged from her employment.

Pursuant to Federal Rule of Civil Procedure 38, the EEOC now requests that the Court enter an order compelling Defendant to answer and fully respond to Interrogatory No. 1, which the EEOC served upon Defendant to determine information pertaining to employees allegedly harmed by Defendant's medication disclosure policy and practices.

## II.
## STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). A party opposing discovery on the basis that it is overbroad and unduly burdensome bears the burden of showing why discovery should be denied. *Wiwa v. Royal Dutch Petroleum*

[1] The Court notes that McCraney was permitted to intervene in this civil action and filed her Complaint in Intervention on December 28, 2018.

*Co.*, 392 F.3d 812, 818 (5th Cir. 2004). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003).

## III. DISCUSSION

Plaintiff argues that Defendant has failed and refused to respond to Plaintiff's Interrogatory No. 1, which provides:

> As to each employee or former employee of Defendant listed on Exhibit A, attached to these Interrogatories, state the individual's first name, current job title if still employed, all departments in which he or she worked from November 7, 2014 to the present, including dates, identity of his/her immediate supervisor(s) on all dates from November 7, 2014 to present, last known address and telephone number, date of birth, and, if no longer employed by Defendant, state date of and reason for separation from employment.[2]

In response to Plaintiff's Interrogatory No. 1, Defendant provided the following Objections and Answer:

> Objections: Oncor objects to Interrogatory No. 1 on the bases that it is overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome as it requests 10 separate categories of information concerning approximately 85 individuals, which is simply disproportionate to the needs of this case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, [and] the importance of the discovery in resolving the issues. Moreover, the interrogatory constitutes an impermissible fishing expedition. Finally, the interrogatory exceeds the limitations set forth in Fed. R. Civ. 33 as it contains 10 separate, discrete subparts as to approximately 85 individuals and cannot be considered a single interrogatory as to all the individuals or discrete categories listed, as the subparts are not logically or factually subsumed within and necessarily related to the primary interrogatory, as the first subpart can be answered fully and completely without answer the second subpart.

---

[2] Def.'s Ex. B.

Answer: Subject to and without waiving the foregoing objections, Oncor refers Plaintiff to the documents previously produced in this matter bates-labeled ONCOR 1194-1707 (which are designated CONFIDENTIAL under the Court's protective order), which contain the individuals' first names, the individuals' supervisor's names during the applicable time period, the individual's job titles or duties during the applicable time period, and the Oncor departments in which the individuals worked during the applicable time period, with regard to the disclosure of medications taken by the individuals.[3]

Plaintiff now moves to Compel and request that the Court issue an order therein requiring that Defendant answer Interrogatory No. 1. Specifically, Plaintiff argues that: (1) the information sought is relevant and within the scope of discovery under Federal Rule of Civil Procedure 26; (2) Defendant's claim of burdensomeness is devoid of merit; (3) requesting categories of information relating to a class of claimants does not automatically implicate the limitations as to the number of interrogatories a party may serve; and (4) Defendant's policy of requiring its employees to disclose medical information raises significant substantive issues that warrant compelling a full and complete answer to Interrogatory No. 1.[4]

Defendant responds, arguing that: (1) the answers provided to Interrogatories Nos. 2 and 3 moot the information sought in Interrogatory No.1; (2) Interrogatory No. 1 is irrelevant, overbroad and disproportionate to the needs of this case; (3) Interrogatory No. 1 vastly exceeds the limitations imposed by Federal Rule of Civil Procedure 33; (4) Interrogatory No. 1 is an unpermitted fishing expedition; and (5) information has been produced in response to the requests set forth in Interrogatory No. 1.

---

[3] *See Supra* note 3.

[4] Plaintiff contends that it is entitled to the information sought so that it may contact any current or former employees of this entity to determine 1) Defendant's application of its written mandatory medication disclosure policy; 2) any broader application beyond the four corners of its policy, which is indicated by information already received; and 3) the nature and scope of any harm that may have resulted as a result of Defendant's practices, including compensatory damages.

Having considered the foregoing, the Court is of the opinion that Plaintiff's Interrogatory No. 1 is overly broad, disproportionate to the needs of this case, and vastly exceeds the limitations imposed by Federal Rule of Civil Procedure 33. Accordingly, the Court hereby **ORDERS** that Plaintiff's Motion to Compel be **DENIED**.

## IV.
## CONCLUSION

For the foregoing reasons, the Court is of the opinion that Plaintiff's Motion to Compel and Interrogatory should be **DENIED**. Counsel for both parties are reminded that all attorneys practicing before the Northern District of Texas must strictly comply with the mandates set forth in *Dondi Properties Corporation v. Commerce Savings & Loan Association*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc) (per curiam). Counsel are cautioned that they are expected to cooperate with each other as professionals in litigating this case and should make every effort to amicably resolve any future discovery issues on their own without the need for court intervention, if at all possible.

SO ORDERED this 13th day of May, 2019.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE